EVANS v. PRINCE'S BAY OYSTER CO., Limited, et al.

(Supreme Court, Special Term, Kings County. May 20, 1915.)

INJUNCTION ☞62—INTERFERENCE WITH RIGHTS OF TENANT—INJUNCTIVE RELIEF—"ESTATE."

The interest of a tenant under a lease to begin at a future date is not an "estate," and is an immediate interest without present right of possession but with right of possession at commencement of the lease, and he is entitled to enjoin his landlord or a third· person from acts which would interfere with the enjoyment of the premises and appurtenances thereto.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 124–127, 129; Dec. Dig. ☞62.

For other definitions, see Words and Phrases, First and Second Series, Estate.]

Action by Charles Wharton Evans against the Prince's Bay Oyster Company, Limited, and another. On motion to continue pendente lite an injunction. Conditionally granted.

Order affirmed 154 N. Y. Supp. 1120.

J. L. Farrell, of New York City, for plaintiff.

Altmann & Louis, of New York City, for defendant Prince's Bay Oyster Co., Limited.

Strauss, Reich & Boyer, of New York City, for defendant Werner.

BENEDICT, J. This is a motion to continue pendente lite an injunction restraining the defendants from removing or permitting the removal of a certain hotel building and an outbuilding designated as a storehouse or garage on the premises described in the complaint herein, which premises are situated in the Fifth ward of the borough and county of Richmond, and which are described more particularly in a certain lease annexed to the complaint herein, made by the Prince's Bay Oyster Company, Limited, to the plaintiff, the term of which lease will begin upon the 1st day of July, 1915; the rent reserved being the

sum of $600 per annum, and the term granted being for five years, with an option for a renewal of the lease for a further term of five years at the rental of $800 per annum.

It appeared upon the argument that there was no intention on the part of the defendant Werner, who is the holder of an unexpired lease of the property, to remove the hotel building erected thereon; but she contends that she has the right to remove the garage or storehouse building during the term of her lease, for the reason that the same is not annexed to the freehold and was placed there by her for the purpose of carrying on her trade or business as a hotel keeper, and that the same may be removed by her before the expiration of her lease.

The plaintiff, on the other hand, contends that the building referred to is an appurtenance of the hotel which is erected upon the demised premises, and is covered by the lease to him above referred to. Although not presented by the briefs submitted by counsel, there is at the threshold of the case the question whether the plaintiff is entitled to injunctive relief to prevent the destruction or demolition of buildings upon premises which have been granted to him by a lease to begin at a future time. His interest in the premises is in the law books described as an interesse termini. It is an immediate interest in real property without the present right of possession, which right of possession only ripens at the commencement of the term granted. Commissioner Dwight, in Mitchell·v. Reed, 61 N. Y., page 123, said at page 134 [19 Am. Rep. 252]:

"This, it is true, is not an estate, but a right. Still it is the subject of grant before entry. Steph. Com. 268; Burton's Real Property, 18, pl. 61; 2 Crabb, Real Prop. 227."

While I have been unable to find any case which sustains the right of the holder of an interesse termini to an injunction against either his landlord or a third person to restrain the commission of acts which would interfere with the enjoyment of the premises described in his lease, together with the appurtenances thereto, I can see no reason why the court should withhold its protection of his rights merely because they are not, at the time when the application is made, accompanied by the actual possession or right of possession of the demised premises. Any other rule would force the tenant into the position where he would either have to abandon the benefits of his lease and refuse to take the demised premises, on the ground that the landlord had broken his covenant to deliver the premises to him in the state in which they were at the making of the lease, or else enter upon the premises in their wasted condition and sue the landlord for damages for the breach of such covenant. I shall therefore hold, for the purposes of this motion, that the plaintiff has an interest in the premises which he is entitled to protect under his lease.

Upon the question raised by the defendant Louise Werner, that the building in question is a trade fixture, I think that the plaintiff has made out a prima facie case strong enough to warrant the granting of the injunction. If upon the trial it shall be shown to be a trade fixture, the damage which the defendant will have suffered by reason

of the holding of the injunction will not, in all probability, be so great as the damages which the plaintiff would suffer if the building should be torn down and removed from the demised premises.

The injunction will therefore be continued pendente lite, but only upon the plaintiff giving an undertaking in the sum of $250, in addition to the undertaking which he gave upon obtaining the order to show cause herein. Ten dollars costs of this motion to the plaintiff to abide the result of the action.